ORIGINAL

FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 25-0032

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 25-0032

FILED

JAN 2 2 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DEANA THOMAS,

      Petitioner,

    v.

                                    O R D E R

DEPARTMENT OF CORRECTIONS, and
SHERIFF MIKE LINDER, Yellowstone County
Detention Center,

      Respondents.[1]

___

Self-represented Petitioner Deana Thomas has filed a Petition for Writ of Habeas Corpus, indicating that the Department of Corrections (DOC) has incorrectly calculated her sentence which illegally extends her parole eligibility or discharge date. She also indicates that the length of her sentence is longer than the law allows.

Thomas states: "In 2014 [she] was given an illegal sentence over the sentencing guidelines for Yellowstone County Case Endangering the Welfare of Children [EWC] & possession of drugs. [She] was given 8 years when the max was 5." Thomas does not include a copy of a judgment.

Available electronic records indicate that on November 26, 2014, the State charged Thomas with four felonies: assault with a weapon; endangering the welfare of children, pursuant to § 45-5-622(3)(c), MCA (2013); criminal possession of drugs; and criminal possession of drug paraphernalia. Thomas entered into a plea agreement in exchange for dismissal of two charges. In open court on March 28, 2016, the Yellowstone County District Court committed Thomas to the DOC to two concurrent, suspended, eight-year terms, "to run consecutively to Missoula County DC 15-0539." One of the eight-year

___

[1] When Thomas filed her Petition with this Court, she was being held in the Yellowstone County Detention Center, and we amend the caption, pursuant to § 46-22-201(1)(c), MCA.

suspended commitments was for EWC, the maximum sentence for which at the time, was five years. The court awarded credit for time served and stated that the maximum term of incarceration on revocation would be seven years and 321 days.

In open court on April 7, 2016, the Missoula County District Court sentenced Thomas for felony criminal possession of dangerous drugs to the DOC for a suspended, two-year term to run consecutively to the sentence imposed in Yellowstone County. The court also imposed suspended, six-month jail terms for two misdemeanors. The court awarded 128 days of credit for time served.

On December 12, 2017, the Yellowstone County District Court held a revocation hearing where Thomas admitted to the allegations contained in the State's Petition for Revocation of Sentence. The District Court revoked the 2016 sentence and imposed a DOC sentence for seven years and 321 days. The District Court awarded elapsed time credit during 2016 from April 7 through October 24. The court also awarded credit for time served from November 16, 2017, to December 12, 2017.

On January 11, 2018, the Missoula County District Court revoked Thomas's sentence for violation of probation, imposing an unsuspended, two-year sentence to the DOC. The court awarded 128 days of credit for time served. The court stated that this sentence "shall run consecutive to the sentence imposed in Yellowstone County."

Thomas may have a facially invalid sentence from 2016 in the Yellowstone County District Court. Section 45-5-622(5)(a), MCA (2013), provides that "[a] person convicted under subsection (3) is guilty of a felony and shall be imprisoned in the state prison for a term not to exceed 5 years . . . ." Thomas initially received a suspended, eight-year term.[2]

Upon review, we deem it appropriate to require a response to Thomas's Petition and put forth relevant issues for consideration. First, did the Yellowstone County District Court impose a facially invalid sentence by imposing an eight-year term to the DOC for EWC, contrary to Montana's sentencing statute? Second, did the Yellowstone County District

---

[2] This Court acknowledges that since 2019, Thomas has at least three other sentences in Montana that are not at issue here.

Court impose a facially invalid sentence when the court ran Thomas's DOC sentence consecutively to a sentence that had not been imposed? Third, was the second error cured when the Missoula County District Court imposed a consecutive sentence after the original sentence imposed in Yellowstone County? Fourth, what sentence did Thomas begin serving on March 28, 2016—the suspended sentence from the Yellowstone County District Court or from the Missoula County District Court? Lastly, what is Thomas's remedy or redressability to correct the alleged facially invalid sentence? Therefore,

IT IS ORDERED that the Attorney General or counsel for the Department of Corrections is GRANTED thirty days from the date of this Order in which to prepare, file, and serve a written response together with a sentence calculation and other appropriate documentary exhibits.

The Clerk is directed to provide a copy of this Order to counsel of record and to Deana Thomas personally.

DATED this 22nd day of January, 2025.

Katherine M Bidegaray
Justice

3